Per Curiam.

The People appeal, by permission, from an amended order of the Appellate Division, fourth judicial department, unanimously reversing, on the law (the facts having been examined and found sufficient), a judgment of the County Court, Monroe County, convicting the defendant of the crime of robbery in the first degree and attempt to commit robbery in the first degree, and ordered a new trial, on the ground that the trial court had erred in the admission of evidence which they considered privileged within the meaning of section 352 of the Civil Practice Act.
According to the record, the doctor, an interne on the staff of the Genesee Hospital, was allowed on direct examination to testify without objection that when he first saw this defendant he was lying face down on an operating table; that he had two cuts over the back of his head, the lower of which was bleeding profusely, and that he had blood over his sweatshirt, face and hands. He described the wounds in detail and what he did in respect to them, and that in the course of such treatment he had found and taken “ From the upper of the two wounds * * * a small fragment of brownish yellow glass ”, which had been received in evidence as People’s Exhibit 4. When shown this exhibit at the trial the physician identified it as the piece of glass he had removed from the defendant’s head. Defendant’s counsel then proceeded to cross-examine the physician in great detail as to just what he had done — about administering a transfusion — how the cuts had been attended to — the type of bandage used and method of application. Following the completion of such cross-examination, the People by way of redirect examination then asked the doctor: “ Q. In the course of your preliminary question to Mr. Bunion did you ask him how he happened to have received these wounds? ” Defendant’s counsel objected to an answer on the grounds that it was a privileged communication. The court overruled the *639 objection with an exception and permitted the witness to answer that the defendant had stated “ * # * he suffered his head lacerations after falling down three or four back steps at his home When the challenged testimony is considered in the light of the testimony already received, without objection, as to the nature and extent of treatments administered — which testimony had been amplified in minute detail in the course of the cross-examination — we deem the objection properly overruled, since the information elicited was not at all ‘ ‘ necessary to enable him [the physician] to act in that capacity ” (Civ. Prac. Act, § 352).
We pass on no other question.
The order of the Appellate Division should be reversed and the judgment of conviction of the Monroe County Court reinstated.
Judges Desmond, Dye, Fuld and Van Voorhis concur in Per Curiam opinion; Chief Judge Conway and Judges Froessel and Burke concur in result only.
Order reversed, etc.